# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GEORGE TIAFFAY,

Petitioner,

v.

CALVIN JOHNSON, et al.,

Respondents.

Case No. 2:20-cv-02257-JAD-EJY

**Order Granting Petitioner's Motion for Leave to File First Amended Petition and Motion for a Scheduling Order**

[ECF Nos. 14, 15]

Following the notice of appearance by the Federal Public Defender on June 15, 2021,[1] Petitioner George Tiaffay moves for leave to file his first amended petition for writ of habeas corpus[2] and for a scheduling order.[3] Tiaffay tentatively calculated the federal statute of limitations under 28 U.S.C. § 2244(d), and because the limitations period may expire on or about June 16, 2021,[4] he requests leave to file his first amended petition as a protective petition.[5] Tiaffay further requests issuance of a scheduling order that provides for the opportunity to file a second amended petition that reflects his counsel's thorough review, research, and investigation.[6] The respondents do not oppose the petitioner's motions.[7]

The motions essentially seek to pursue a two-step procedure whereby Tiaffay: (a) files an initial counseled amended petition preserving all then-known claims potentially free of possible relation-back or timing issues; and (b) thereafter potentially files a second amended petition after federal habeas counsel has had a full opportunity to independently investigate all potential claims.[8] I find that Tiaffay has shown good cause to utilize the two-step procedure here and,

---

[1] ECF No. 13. *See also* ECF No. 16.

[2] ECF No. 14.

[3] ECF No. 15.

[4] I express no opinion as to the putative expiration date of the limitation period in this case.

[5] ECF No. 14 at 2.

[6] ECF No. 15 at 3.

[7] ECF Nos. 17, 18.

[8] *See, e.g., McMahon v. Neven*, No. 2:14-cv-00076-APG-CWH, ECF No. 29 (D. Nev., May 29, 2014) (explaining the court's rationale in allowing a bifurcated amendment procedure in habeas cases where the

therefore, grant his motions.

IT IS HEREBY ORDERED:

1. The Federal Public Defender, through Jeremy C. Baron, Esq., is appointed as counsel for Petitioner under 18 U.S.C. § 3006A(a)(2)(B). Mr. Baron will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

2. Petitioner George Tiaffay's Motion for Leave to File First Amended Petition (ECF No. 14) and Motion for Scheduling Order (ECF No. 15) are **GRANTED**.

3. The Clerk of Court is directed to **FILE** the first amended petition (ECF Nos. 14-1 to 14-18) with the filing date of June 16, 2021.

4. Respondents are not required to respond to the first amended petition at this time.

5. Petitioner will have until October 7, 2021, to file a second amended petition or seek other appropriate relief. This deadline and any extensions of it may not be construed as implied findings regarding the federal limitation period or a basis for tolling. Petitioner at all times remains responsible for calculating the limitation period and timely asserting claims, without regard to any court-ordered deadlines or extensions. So, a petition or amended petition filed within a court-ordered deadline may still be dismissed as untimely if it violates the statute of limitations.

6. If Petitioner files a second amended petition, Respondents will have 60 days from the date of service to respond to it—including by motion to dismiss. If Petitioner chooses *not* to file a second amended petition, Respondents must, within 60 days of the expiration of the time to do so, file a response to the first amended petition. Petitioner will have 30 days from the date of service of an answer to file a reply. However, Local Rule LR 7-2(b) governs the scheduling for responses and replies to motions filed by either party, including motions filed in lieu of

---

limitation period potentially may expire before federal habeas counsel would be able to conduct a complete investigation); *Xiao Ye Bai v. Nevada*, 2021 WL 246110, at *1 (D. Nev. Jan. 25, 2021).

pleadings.

7. Any procedural defenses raised by Respondents to the counseled amended petition must be raised together in a single, consolidated motion to dismiss. Successive motions to dismiss will not be entertained, and any procedural defenses omitted from the consolidated motion to dismiss will be waived. Respondents may not file a response that consolidates their procedural defenses, if any, with their response on the merits. But arguments that an unexhausted claim clearly lacks merit may be included a procedural-defense response. If Respondents do seek dismissal of unexhausted claims under 28 U.S.C. § 2254(b)(2) they must: (1) do so in a single motion to dismiss, not in the answer; and (2) specifically direct their argument to the standard for dismissal under § 2254(b)(2). Basically, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, must be raised in a single dismissal motion.

8. In any answer filed on the merits, Respondents must specifically cite to and address the applicable state-court-written decision and state-court-record materials, if any, regarding each claim within the response as to that claim.

9. All state court records and exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit must then be filed as "attachments" to the base document to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page.

10. Notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits

need not be provided to chambers or to the staff attorney, unless later directed by the court.

Dated: 7-12-21

_____
U.S. District Judge Jennifer A. Dorsey