UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| George Tiaffay,<br><br>　　　　　　　　　　Petitioner<br><br>　　v.<br><br>Calvin Johnson, et al.,<br><br>　　　　　　　　　　Respondents | Case No. 2:20-cv-02257-JAD-EJY<br><br>**Order Granting Motion for Leave to File Exhibits Under Seal**<br><br>[ECF No. 33] |

　　　　Federal habeas petition George Tiaffay moves for leave to file Exhibits 52–59 under seal, arguing that they constitute medical and mental-health records and it is appropriate for courts to seal such documents.[1] Respondents do not contest the sealing request but rather contend that the court should strike the subject exhibits because they are not part of the state-court record, petitioner has not sought to expand the record under Rule 7 of the Rules Governing § 2254 cases, and the exhibits thus cannot be considered in ruling on the second amended petition.[2] Petitioner counters that portions of the exhibits are part of the state-court record or were exchanged during pretrial discovery,[3] he need not obtain a court order permitting expansion of the record as a predicate to filing the exhibits for the court's consideration,[4] and the determination whether the court may consider the exhibits should be deferred for a merits ruling or later motions.[5]

　　　　Habeas Rule 7 does not require a petitioner to seek leave of court to expand the record prior to submitting documents for a court's consideration.[6] Without ruling whether the exhibits may be considered for any purpose in this action,[7] I grant the motion to seal Exhibits 52–59.

---

[1] ECF No. 33 at 2–3.

[2] ECF No. 35 at 1–3.

[3] ECF No. 36 at 5–6.

[4] *Id.* at 4.

[5] *Id.* at 2–4.

[6] *See Shah v. U.S.*, 878 F.2d 1156, 1162–63 (9th Cir. 1989).

[7] I direct the parties that where appropriate in future filings, they must submit detailed records demonstrating whether, and which portions of, the exhibits, may be considered in this action. *See, e.g.,* 28 U.S.C. § 2254(e)(2).

Exhibit 52 consists of detailed therapy records of Shawna Tiaffay.[8] Exhibits 53–59 constitute detailed medical, psychiatric, and pharmaceutical prescription records of the petitioner.[9] The protection of medical privacy generally qualifies as a "compelling reason" for sealing records.[10] Having reviewed and considered the matter in accordance with *Kamakana v. City and County of Honolulu*[11] and its progeny, I find that there is a compelling need to protect the medical privacy of Shawna Tiaffay and the petitioner that outweighs the public's interest in open access to court records.

IT IS THEREFORE ORDERED that Petitioner's Motion for Leave to File Exhibits Under Seal **[ECF No. 33] is GRANTED.**

_____
U.S. District Judge Jennifer A. Dorsey
October 18, 2022

---

[8] ECF No. 34-1.

[9] ECF Nos. 34-2–34-8.

[10] *E.g.*, *Abbey v. Hawaii Employers Mut. Ins. Co. (HEMIC)*, 760 F. Supp. 2d 1005, 1013 (D. Haw. 2010).

[11] 447 F.3d 1172 (9th Cir. 2006).